KATHY J. HUANG (SBN 240677)
kathy.huang@alston.com
RACHEL E. K. LOWE (SBN 246361)
rachel.lowe@alston.com
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, California 90071
Telephone:   (213) 576-1000
Facsimile:    (213) 576-1100

Attorneys for Defendant
COLONIAL PENN LIFE
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COLE, on behalf of himself and all others similarly situated and aggrieved,<br><br>            Plaintiff,<br><br>      v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY; and DOES 1 to 50, inclusive<br><br>            Defendants. | Case No.<br><br>State Case No.: 23CV012045<br><br>**DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>Filing Date: December 22, 2023 |

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN**
2  **DISTRICT OF CALIFORNIA:**

3      **PLEASE TAKE NOTICE** that Defendant Colonial Penn Life Insurance
4  Company ("Defendant") hereby removes the above-captioned case, entitled *Mark Cole,*
5  *et al. v. Colonial Penn Life Insurance Company et al.*, originally filed in the Superior
6  Court of the State of California, County of Sacramento and assigned Case No.
7  23CV012045 (the "State Court Action") to this Court under 28 U.S.C. §§ 1332, 1446,
8  and 1453, as amended in relevant part by the Class Action Fairness Act of 2005
9  ("CAFA").  The grounds for removal are set out below:

10 I.   **BACKGROUND**

11      On November 20, 2023, Plaintiff Mark Cole ("Plaintiff") filed the State Court
12 Action alleging claims for violation of the California Invasion of Privacy Act (Penal
13 Code §§ 630, *et seq*)*,* specifically Penal Code § 632.7.  On behalf of a putative class of
14 California callers, Plaintiff alleges that Defendant records telephone calls made to
15 Defendant's toll-free customer service telephone line without warning or disclosure to
16 inbound callers that their calls might be recorded.  Complaint, ¶ 1.  A true and correct
17 copy of the Complaint is attached hereto as **Exhibit A**.  Plaintiff alleges that
18 Defendant's acts and practices violate Penal Code § 632.7 the moment a recording of a
19 telephone communication is made without the consent of all parties.  Ex. A (Complaint,
20 ¶ 2).  Plaintiff seeks statutory penalties pursuant to Penal Code § 637.2(a), injunctive
21 relief and attorneys' fees.  On November 27, 2023, Plaintiff personally served the
22 Complaint and Summons on Defendant.  A true and correct copy of the Service of
23 Process is attached hereto as **Exhibit B**.

24      Defendant denies the allegations of wrongdoing in the Complaint and that
25 Plaintiff is entitled to any of the relief requested.  At this time, however, the relevant
26 inquiry is whether this Court has jurisdiction over this matter, which it plainly does
27 pursuant to CAFA.

28      //

## II.   THIS COURT HAS JURISDICTION UNDER CAFA

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332, subsection (d).  Though filed in state court, Plaintiff's Complaint alleges facts sufficient to support that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005.  Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions.  CAFA vests federal courts with original jurisdiction for class actions where the parties are minimally diverse and the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d).

CAFA's requirements are satisfied here.

### A.   Class Action.

The State Court Action is a class action as defined by CAFA.  According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. . . .

28 U.S.C. § 1332(d)(1)(B).

Plaintiff brings claims on behalf of himself and a proposed class of "[a]ll persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint in this matter and until said practice is terminated ('Class Period'), called Defendant's customer service sales number, from a cellular or cordless telephone, engaged in a telephone conversation with Defendant's employee(s) or representative(s) and were recorded by Defendant without warning or disclosure at the call outset."  Ex. A (Complaint, ¶ 22).  The State Court Action therefore meets the definition of a "class action" under CAFA.

### B.   Removal Under CAFA.

CAFA provides that a class action brought against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100 (28

U.S.C. § 1332(d)(5)(B)); (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant (*id.* at (d)(2)); and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. *Id.*; *see also* § 28 U.S.C. § 1453(b). Each of these requirements are met here.

### 1. **The Number of Proposed Class Members Is At Least 100.**

This requirement is satisfied because Plaintiff alleges that the class consists of "more than 100 persons." Ex. A (Complaint, ¶ 26).

### 2. **Diversity of Citizenship Under CAFA.**

"[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

The parties are minimally diverse. An individual is a citizen of the state where he or she resides. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that he resides in and is a citizen of California. Ex. A (Complaint, ¶ 8).

Defendant is not a citizen of California. A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *The Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (for diversity jurisdiction, "principal place of business" refers to the "nerve center" of the corporation which is where "a corporation's officers direct, control, and coordinate the corporation's activities"). A corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92-93. In practice, this is the place "where the corporation maintains its headquarters. *Id.* at 93. Plaintiff specifically alleges that Defendant "is a Pennsylvania corporation with its headquarters located in Philadelphia, Pennsylvania[.]" Ex. A (Complaint, ¶ 9). Therefore, Defendant is alleged to be a citizen of the state of Pennsylvania, and is, in fact, a citizen of the state of Pennsylvania.

Because at least one member of the proposed class "is a citizen of a State different from . . . [D]efendant" (28 U.S.C. § 1332(d)(2)(A)), CAFA's diversity of citizenship requirement is satisfied. Moreover, the exceptions listed in 28 U.S.C. § 1332(d)(4)(A)–(B) do not apply because no defendant is a citizen of California.

### 3. **Amount in Controversy.**

CAFA's third requirement—that the aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million—is also satisfied. 28 U.S.C. § 1332(d)(2). Although Defendant maintains that Defendant has not injured Plaintiff or any putative class member, the alleged amount in controversy here exceeds $5 million. Plaintiff's Complaint seeks statutory penalties, injunctive relief, and attorneys' fees, which, in the aggregate, well exceed CAFA's $5 million threshold. (*See* Exhibit A, Complaint, Request for Relief).

As the Supreme Court has explained, a removing defendant need only *plausibly allege* that the amount in controversy exceeds CAFA's threshold: "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Coleman-Anacleto v. Samsung Elecs. Am., Inc*., No. 16-CV-02941-LHK, 2016 U.S. Dist. LEXIS 123455, at *13 (N.D. Cal. Sep. 12, 2016) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's Complaint, not what a defendant will actually owe.") (citations omitted); *Yeroushalmi v. Blockbuster Inc.*, No. 05-225, 2005 U.S. Dist. LEXIS 39331, at *10 (C.D. Cal. July 11, 2005) (observing that the amount in controversy provisions under CAFA should be "interpreted expansively" in favor of removal) (quoting S. Rep. No. 109-14, at 42 (2005)).

Here, Plaintiff's allegations demonstrate that the amount in controversy is satisfied. Specifically, Plaintiff defines the putative class as "[a]ll persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint in this matter and until said practice is terminated ('Class Period'),

called Defendant's customer service sales number, from a cellular or cordless telephone, engaged in a telephone conversation with Defendant's employee(s) or representative(s) and were recorded by Defendant without warning or disclosure at the call outset." Ex. A (Complaint, ¶ 22).  He further alleges that "the precise number of Class members and their location can be ascertained through appropriate discovery and records held by Defendant . . . regarding calls from California area codes to Defendant's toll-free customer service sales telephone number." Ex. A (Complaint, ¶ 26).  Plaintiff claims that the "Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2(a)(1)."  Ex. A (Complaint, ¶ 41).

Over the one-year statutory period preceding the filing of the lawsuit to date, Defendant has received well over 1,000 calls from individuals identified by California area codes on Defendant's customer service sales number.  If each caller from a California area code received an award of $5,000 as requested by the Plaintiff (*id.*), the total damages would exceed $5 million, thereby satisfying the minimum amount in controversy.

Further, the above analysis does not include attorney's fees, which Plaintiff seeks (Ex. A (Complaint, Prayer for Relief ¶¶ 4, 8)) and which must be included in the amount in controversy.  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (where "the law entitles [a putative class plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").  Assuming for the sake of this removal only that this Court were to apply a 25% common fund benchmark if Plaintiff were somehow successful, Plaintiff's attorney's fees would increase the amount in controversy to well over the threshold $5 million. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.").

In short, Plaintiff requests relief that, if granted, would cost Defendant in excess of $5 million.  The alleged amount at issue in Plaintiff's Complaint plainly exceeds the jurisdictional minimum under CAFA.

## III.   DEFENDANT TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS

### A. This Notice of Removal is Timely Filed.

This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty days after service of the Complaint on Defendant.  Here, Defendant was personally served with a conformed copy of the Summons and Complaint on November 27, 2023.  Ex. B.  Therefore, this Notice of Removal, filed within 30 days of service, is timely filed under 28 U.S.C. §1446(b).

### B. Defendant Has Satisfied all Procedural Requirements.

Venue is proper.  Plaintiff filed this action in the Superior Court of the State of California, County of Sacramento.  Accordingly, this action is properly removed to this Court, which embraces Sacramento County within its jurisdiction.   28 U.S.C. §§ 1441(a), 1446(a).

Additionally, Defendant is the only defendant that Plaintiff has served.  The Doe Defendants have not been named or served and therefore do not need to consent to removal.  *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Finally, Defendant provided proper notice.  Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action.  True and correct copies of these documents, which are attached to this removal, are listed below:

- Complaint (**Exhibit A**)
- Service of Process Transmittal on Defendant (**Exhibit B**)
- Summons to Defendant & Civil Cover Sheet (**Exhibit C**)
- Notice of Case Assignment and Case Management Conference (**Exhibit D**)

Pursuant to 28 U.S.C. §1446, subsection (d), Defendant is filing a copy of the Notice of Removal with the Clerk of Sacramento County Superior Court and serving Plaintiff with the same. A copy of the Notice to the Superior Court (which will be served upon Plaintiff), without exhibits, is attached hereto as **Exhibit E**.

## IV.    CONCLUSION

Plaintiff's allegations demonstrate that CAFA's requirements have been met, including that (1) the proposed class contains at least 100 members, (2) Plaintiff and each of the proposed California class members are citizens of a state different than Defendant's state of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

DATED: December 22, 2023

**ALSTON & BIRD LLP**

By:   */s/ Kathy J. Huang*
         Kathy J. Huang
         Rachel E. K. Lowe
         Attorneys for Defendant
         COLONIAL PENN LIFE INSURANCE
         COMPANY

**PROOF OF SERVICE**

I, Nora Fernandez, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California, 90071.

On December 22, 2023, I served the document(s) described as **DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:  SEE ATTACHED SERVICE LIST

☒　　BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California, 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm.  Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California, 90071.

☐　　☐ UPS NEXT DAY AIR    ☐ FEDERAL EXPRESS    ☐ OVERNIGHT DELIVERY:  I deposited such envelope in a facility regularly maintained by ☐ UPS  ☐ FEDERAL EXPRESS  ☐ OVERNIGHT DELIVERY [specify name of service: _____] with delivery fees fully provided for or delivered the envelope to a courier or driver of  ☐ UPS  ☐ FEDERAL EXPRESS  ☐ OVERNIGHT DELIVERY [specify name of service: _____] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California, 90071 with delivery fees fully provided for.

☒　　BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document(s) by electronic mail transmission with attachment to the parties at the electronic mail address set forth on the attached Service List.

☐　　[State]　　I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒　　[Federal]　I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 22, 2023, at Los Angeles, California.

_____

Nora Fernandez

***Mark Cole, et al. v. Colonial Penn Life Insurance Company, et al.***

_____

## **SERVICE LIST**

***Attorneys for Plaintiff and Proposed Class***

Zev B. Zysman
Law Offices of Zev B. Zysman
Email: *zev@zysmanlaca.com*
Address: *15760 Ventura Blvd., Suite 700 Encino, CA 91436*
Phone: *(818) 783-8836*

Todd M. Friedman
Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
Email: *tfriedman@toddflaw.com*
*abacon@toddflaw.com*
Address: *21031 Ventura Blvd. Suite 340 Woodland Hills, CA 91364*
Phone: *(323) 306-4234*