*Mark Cole, et al. v. Colonial Penn Life Insurance Company et al.* (State Case No.: 23CV012045)

# Exhibit
# B



**null / ALL**
**Transmittal Number: 28068491**
**Date Processed: 11/28/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Terri Scott<br>CNO Financial Group, Inc.<br>11825 Pennsylvania St<br>Carmel, IN 46032-4555 |
| **Electronic copy provided to:** | Steven Huffer |

| | |
|---|---|
| **Entity:** | Colonial Penn Life Insurance Company<br>Entity ID Number 2425598 |
| **Entity Served:** | Colonial Penn Life Insurance Company |
| **Title of Action:** | Mark Cole vs. Colonial Penn Life Insurance Company |
| **Matter Name/ID:** | Mark Cole vs. Colonial Penn Life Insurance Company (14902947) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Sacramento County Superior Court, CA |
| **Case/Reference No:** | 23CV012045 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/27/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Offices of Zev B. Zysman<br>818-783-8836 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

COPY

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

Received and Filed
Superior Court of California
Sacramento

11/21/2023

johnson

By _____, Deputy

23CV012845

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COLONIAL PENN LIFE INSURANCE COMPANY, and DOES 1
through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK COLE, on Behalf of Himself and All Others Similarly Situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

720 9th Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R Bacon 21031 Ventura Blvd., Ste. 340 Woodland Hills, CA 91364, 323-306-4234

| DATE:<br>*(Fecha)* NOV 2 1 2023 | Clerk, by<br>*(Secretario)* K. JOHNSON | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Colonial Penn Life Insurance Company**

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Todd M. Friedman, SBN 216752, Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364

TELEPHONE NO.: 323-306-4234   FAX NO. *(Optional):* 866-633-0228
E-MAIL ADDRESS: tfriedman@toddflaw.com
ATTORNEY FOR *(Name):* Plaintiff, Mark Cole

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street, Room 102
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Courthouse

FILED/ENDORSED
FOR COURT USE ONLY
Superior Court of California,
Sacramento
11/20/2023
johnsok
By _____, Deputy
23CV012045

CASE NAME:
Mark Cole v. Colonial Penn Life Insurance Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 1
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: November 20, 2023

Todd M. Friedman
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

COPY

Superior Court of California
Sacramento
11/20/2023
johnsok
By _____, Deputy
23CV012045

1   LAW OFFICES OF ZEV B. ZYSMAN
    A Professional Corporation
2   Zev B. Zysman (176805)
    zev@zysmanlawca.com
3   15760 Ventura Boulevard, Suite 700
    Encino, CA 91436
4   Telephone: (818) 783-8836

5   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
    Todd M. Friedman (216752)
6   tfriedman@toddflaw.com
    Adrian R. Bacon (280332)
7   abacon@toddflaw.com
    21031 Ventura Boulevard, Suite 340
8   Woodland Hills, CA 91364
    Telephone: (323) 306-4234

9

    *Attorneys for Plaintiff and*
10  *the Proposed Class*

11

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                   FOR THE COUNTY OF SACRAMENTO

15

16  MARK COLE, on Behalf of Himself and All    )   Case No:
    Others Similarly Situated,                 )
17                                             )   **CLASS ACTION**
                        Plaintiff,             )
18                                             )   **COMPLAINT FOR:**
                v.                             )
19                                             )
    COLONIAL PENN LIFE INSURANCE               )   **STATUTORY DAMAGES AND**
20  COMPANY, and DOES 1 through 100,           )   **INJUNCTIVE RELIEF**
    inclusive,                                 )
21                                             )
                                               )   **DEMAND FOR JURY TRIAL**
22                                             )
                        Defendants.            )
23                                             )
                                               )
24

25

26

27

28

    CLASS ACTION COMPLAINT

Plaintiff Mark Cole ("Plaintiff"), brings this action against Defendant Colonial Penn Life Insurance Company and DOES 1-100 (collectively referred to as "Colonial Penn" or "Defendant") on behalf of himself, and all others similarly situated, upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTION

1.     This class action arises out Defendant's policy and practice to record, without the consent of all parties, telephone calls made to Defendant's toll-free customer service telephone number in violation of California's Invasion of Privacy Act, California Penal Code §630, *et seq*. Defendant's toll-free number – 877-877-8052 – is referred to as "Defendant's customer service sales number."  During the relevant time period, Defendant intentionally and surreptitiously recorded telephone communications made to Defendant's customer service sales number. Defendant did so without warning or disclosing to inbound callers that their calls might be recorded.

2.     Defendant's policy and practice of recording telephone conversations without the consent of all parties violates the California Invasion of Privacy Act (Penal Code §§ 630, *et seq*. ("CIPA")). Specifically, Defendant's acts and practices violate Penal Code § 632.7. Penal Code § 632.7 is violated the moment the recording of a telephone communication is made without the knowledge or consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law, or to invade the privacy rights of any other person.  Moreover, there is no requirement under Penal Code § 632.7 that the communication be confidential.

3.     Penal Code § 630, *et seq*. plays an important role in protecting the privacy of California residents.  As recognized by the California Supreme Court, secret recording "denies the speaker an important aspect of privacy of communication – the right to control the nature and extent of the firsthand dissemination of his statements." *Ribas v. Clark*, 38 Cal. 3d 355, 361

CLASS ACTION COMPLAINT                              1

(1985) (citations omitted). The California Supreme Court has declared that California has a "strong and continuing interest in the full and vigorous application" of the provisions that prohibit "the recording of telephone conversations without the knowledge or consent of *all* parties to the conversations." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 126 (2006) (italics in original). In *Kearney*, the California Supreme Court explained that if a company wants to record calls as part of its routine business activity, it can avoid liability by giving an appropriate warning at the beginning of each call. "A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate the provision." *Id* at 118. Furthermore, businesses can take unfair advantage of consumers if they do not disclose that the calls are being recorded, by "selectively disclosing recordings when disclosure serves the company's interest, but not volunteering the recordings' existence (or quickly destroying them) when they would be detrimental to the company. . ." *Id* at 126. The California Supreme Court has declared that Penal Code § 632.7 makes it illegal to record *any* communication involving cellular or cordless telephones without regard to whether the communication is "confidential." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 771, fn. 2 (2002). Moreover, in *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 202-203 (2021), the California Supreme Court held that Penal Code "section 632.7 prohibits parties as well as nonparties from intentionally recording a communication transmitted between a cellular or cordless telephone and another device without the consent of all parties to the communication."

4.     As a result of Defendant's violations, all individuals, who called Colonial Penn's customer service sales number, while they were in California and were recorded by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages as set forth in Penal Code § 637.2 and injunctive relief as detailed therein.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over the cause of action asserted herein pursuant to Article VI, § 10 of the California Constitution, California Penal Code §§ 632.7 and 637.2. In the aggregate, the damages caused to the members of the Class as defined below

exceed the jurisdictional minimum of this Court, but neither the Plaintiff nor any member of the Class individually has suffered damages of, at least, $75,000.

6.      This Court has personal jurisdiction over the Defendant named herein because Defendant does sufficient business in California, has sufficient minimum contacts with California or otherwise intentionally avails itself of the markets within California through its sales, advertising and marketing to render the exercise of jurisdiction by California courts and the application of California law to the claims of the Plaintiff permissible under traditional notions of fair play and substantial justice. Specifically, Defendant advertises, markets and sells its insurance products through a variety of media formats in a massive multi-prong advertising campaign, including in digital, print, television commercials and mail which target consumers throughout California. Moreover, on information and belief, Defendant is licensed to do business in California and is registered with the California Department of Insurance. Further, there is no federal question at issue as the claims herein are based solely on California law.

7.      Venue is proper in this Court since because California Code of Civil Procedure §§395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the State that plaintiff desires. On information and belief, as of the date this Complaint is filed, Defendant is a foreign business entity that has failed to designate a principal place of business in California with the office of the Secretary of State.

## THE PARTIES

A.      **Plaintiff**

8.      Plaintiff Mark Cole (herein referred to as "Plaintiff") is an individual and resident of California. It is alleged that on September 7, 2023 and September 15, 2023, while Plaintiff was physically present in the State of California, he called Colonial Penn's customer service sales number 877-877-8052 and had telephonic communications with live representatives of Defendant while using his cellular telephone. Plaintiff is informed and believes and thereon

1 alleges, that the communications were surreptitiously recorded by Defendant, without first

2 providing him notice and without first obtaining his consent to record the telephone

3 communications.

4 **B.    Defendant**

5 9.      Defendant Colonial Penn Life Insurance Company is a Pennsylvania corporation,

6 with its headquarters located in Philadelphia, Pennsylvania.  Colonial Penn is a leading life

7 insurance company and offers its permanent whole life policies and guaranteed acceptance life

8 insurance policies through inbound telephone calls with captive live agents, online, and mail in

9 California and throughout the United States as part of its direct-to-consumer strategies. Colonial

10 Penn advertises and markets its insurance products through a wide range of formats, including in

11 digital, print, television commercials, internet, and mail, which is aimed at California consumers.

12 10.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's

13 employees, agents, and representatives were and are directed, trained and instructed to, and do,

14 record incoming telephone communications between the customer service representatives and

15 callers, including California callers.

16 **C.    Doe Defendants**

17 11.     The true names and capacities of defendants sued in this Complaint as DOES 1

18 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by

19 such fictitious names.  Plaintiff will amend this Complaint to reflect the true names and

20 capacities of the defendants designated herein as DOES 1 through 100 when such identities

21 become known.  For ease of reference, Plaintiff will refer to the named defendant Colonial Penn

22 Life Insurance Company and the DOE defendants collectively as "Defendants."

23 **D.    Agency/Aiding And Abetting**

24 12.     At all times herein mentioned, Defendants, and each of them, were an agent or

25 joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

26 within the course and scope of such agency.  Each Defendant had actual and/or constructive

27 knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

28

CLASS ACTION COMPLAINT                        4

1  acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits
2  of said wrongful acts.

3       13.     Defendants, and each of them, aided and abetted, encouraged and rendered
4  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the
5  Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and
6  substantially assist the commissions of these wrongful acts and other wrongdoings complained
7  of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that
8  its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful
9  goals, and wrongdoing.

10      14.     Whenever reference is made in this Complaint to any act of "Colonial Penn" or
11 "Defendant," such shall be deemed to mean that officers, directors, agents, employees, or
12 representatives of the Defendant named in this lawsuit committed or authorized such acts, or
13 failed and omitted to adequately supervise or properly control or direct their employees while
14 engaged in the management, direction, operation or control of the affairs of the Defendant and
15 did so within the scope of their employment or agency.

16              CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW

17      A.     Plaintiff's Contact with Defendant

18      15.     On September 7, 2023 and thereafter on September 15, 2023, while located at his
19 residence within California, Plaintiff placed telephone calls to Defendant and while using his
20 cellular telephone.  On both occasions, Plaintiff called Colonial Penn's toll-free customer service
21 sales number at 877-877-8052.  During the call on September 7, 2023, Plaintiff obtained
22 information with a live representative of Defendant about Colonial Penn's whole life insurance
23 policies and obtained a quote for a policy.  Thereafter, on September 15, 2023, Plaintiff called
24 Colonial Penn's customer service sales number at 877-877-8052 and confirmed details of the
25 original quote and had additional inquiries about Colonial Penn's life insurance products with a
26 live representative of Defendant.  Plaintiff is informed and believes, and based thereon alleges,
27
28

CLASS ACTION COMPLAINT                        5

that the toll-free telephone number connected Plaintiff to Defendant's customer service sales representatives.

16.     During these inbound telephone communications with employees, agents, or representatives of Defendant, Plaintiff revealed sensitive, private, and confidential information, including but not limited to his full name, date of birth, home address, and email address. At no point during these inbound telephone communications was Plaintiff ever informed that his communications were being recorded. At no point during the inbound telephone communications did Plaintiff give his consent for the telephone communications to be recorded, and he was entirely unaware that Defendant was engaged in that practice during the telephone communications.  On information and belief, these inbound telephone communications were recorded by Defendant, without Plaintiff's knowledge or consent.

**B.     Defendant's Conduct Violated Penal Code Penal Code § 632.7**

17.     Plaintiff is informed and believes and thereon alleges, that Defendant recorded said inbound telephone communications.  Defendant failed to verbally warn Plaintiff, at the outset of the telephone communications, of Defendant's intent to record the communications. Defendant failed to provide an automated, pre-recorded warning at the call outset or a periodically repeated, audible "beep tone" or other sound throughout the duration of the telephone communications to warn Plaintiff that the communications were being recorded. Plaintiff did not give, and could not have given consent for the telephone communications to be recorded because she was entirely unaware that Defendant was engaged in that practice during the telephone communications.

18.     Because Defendant failed to warn Plaintiff at the outset of the telephone communications that the communications were being recorded and her consent for recording of the telephone communications never was sought, Plaintiff had an objectively reasonable expectation that his telephone communications with Defendant's employees, agents, or representatives were not being recorded.  That recording occurred without his consent, is highly

offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the Class proposed herein.

19.     Plaintiff is further informed and believes and thereon alleges, that during the Class Period, Defendant has intentionally utilized certain computer hardware and/or software technology and/or other equipment ("Call Recording Technology") to execute a company-wide policy and practice of recording inbound telephone communications with callers, including California callers.

20.     Plaintiff is further informed and believes and thereon alleges, that Defendant installed and/or utilized Call Recording Technology on its consumer-facing telephone line. This Call Recording Technology enabled Defendant to record telephone communications with callers, including California callers, and allowed them to store these recordings for various purposes.

21.     Plaintiff is further informed and believes and thereon alleges, that Defendant's employees, agents, and representatives were and are directed, trained, and instructed to, and did record inbound telephone communications made to Colonial Penn's toll-free customer service sales number at 877-877-8052 from California callers, including Plaintiff, without their consent.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this lawsuit on behalf of an ascertainable statewide Class consisting of the following (the "Class"):

> All persons who, while located in California at any time during the one-year
> period of time preceding the filing of the Complaint in this matter and until said
> practice is terminated ("Class Period"), called Defendant's customer service sales
> number, from a cellular or cordless telephone, engaged in a telephone
> conversation with Defendant's employee(s) or representative(s) and were recorded
> by Defendant without warning or disclosure at the call outset.

///

///

CLASS ACTION COMPLAINT                    7

23.     Excluded from the Class are all employees of Defendant, all attorneys and employees of Defendant's counsel, all attorneys and employees of Plaintiff's Counsel, and the judicial officers to whom this matter is assigned and their staff.

24.     Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or propose or eliminate subclasses, in response to facts learned through discovery, legal argument advanced by Defendant, or otherwise.

25.     This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

26.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are more than 100 persons.  Moreover, Plaintiff alleges that the precise number of Class members and their location can be ascertained though appropriate discovery and records held by Defendant and/or Defendant's telephone company's and/or other telecommunications and toll-free service providers' records regarding calls from California area codes to Defendant's toll-free customer service sales telephone number. Such records, including without limitation call detail records, purchase records, customer records, call lists, and the secret recordings themselves, can be used to determine the size of the Penal Code § 632.7 Class and to determine the identities of individual Penal Code § 632.7 Class members.  This information may then be used to contact potential Class members.

27.     There is a well-defined community of interest in the questions law and fact affecting the parties represented in this action.

28.     Common questions of law and fact exist as to all members of the Class.  These common questions predominate over the questions affecting only individual  members of the Class.

29.     Among the questions of law and fact common to the Class are, *inter alia*:

a.     Whether Defendant has or had a policy and practice of recording inbound telephone calls made to Colonial Penn's customer service sales number at 877-877-8052;

b.     Whether Defendant installed Call Recording Technology to implement its policy of recording inbound telephone calls with callers;

c.     Whether Defendant's employees, agents, or representatives were directed, trained, and instructed to, and did, record inbound telephone calls with callers in order to implement the Defendant's policy and practice of recording telephone calls with callers;

d.     Whether Defendant's policy and practice of recording inbound telephone calls included a policy and practice of warning Class members, including the Plaintiff, at the outset of each recorded telephone call that the telephone call was being recorded;

e.     Whether Defendant failed to warn Class members who participated in an inbound telephone call with the Defendant that the telephone call was being recorded;

f.     Whether Defendant has or had a policy or practice of not obtaining consent to record telephone calls made to Colonial Penn's customer service sales number at 877-877-8052;

g.     Whether Defendant's recording of Plaintiff's and Class members' inbound telephone calls without warning or disclosure at the call outset constitutes violations of California Penal Code § 632.7;

h.     Whether Plaintiff and each Class member are entitled to statutory damages of five thousand dollars ($5,000) under California Penal Code § 637.2(a)(1) for each violation of California Penal Code § 632.7; and

i.     Whether Plaintiff and Class members are entitled to injunctive relief under California Penal Code § 637.2(b) to enjoin or restrain the Defendant from committing further violations of California Penal Code § 632.7.

30.     Plaintiff's claims are typical of the claims of all of the other members of the Class. Plaintiff's claims and the Class member's claims are based on the same legal theories and arise

CLASS ACTION COMPLAINT                    9

1 from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other

2 Class members.

3      31.    Plaintiff will fairly and adequately represent the interests of the Class, he has no

4 conflicts of interest with other Class members, is subject to no unique defenses, and has retained

5 counsel competent and experienced in the prosecution of complex litigation and class actions.

6      32.    A class action is superior to other available methods for the fair and efficient

7 adjudication of this controversy because joinder of all members is impracticable, the damages

8 suffered by each Class member are low, the likelihood of individual Class members prosecuting

9 separate claims is remote and individual Class members do not have a significant interest in

10 individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights

11 under the laws alleged herein and with respect to the Class as a whole would be appropriate.

12 Plaintiff knows of no difficulty to be encountered in the management of this action which would

13 preclude its maintenance as a class action.

14      33.    The prosecution of individual actions by California Penal Code § 632.7

15 Class members would run the risk of establishing inconsistent standards of conduct for

16 Defendant.

17      34.    Defendant has acted, or refused to act, on grounds generally applicable to the

18 Class, thereby making injunctive relief and statutory damages pursuant to California Penal Code

19 § 637.2 appropriate with respect to the Class as a whole. Likewise, Defendant's conduct as

20 described above is unlawful, capable of repetition, and could continue unless restrained and

21 enjoined by the Court.

22      35.    Plaintiff explicitly reserves the right to add additional class representatives,

23 provided that Defendant is given an opportunity to conduct discovery on the chosen

24 representative(s). Plaintiff will identify and propose class representatives with the filing of

25 Plaintiff's motion for class certification.

26 ///

27 ///

28 ///

CLASS ACTION COMPLAINT          10

**FIRST CAUSE OF ACTION**

**FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7**

**(By Plaintiff and the Class Against Defendant Colonial Penn Life Insurance Company  and DOES 1 through 100, Inclusive)**

36.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein and further alleges as follows.

37.     On September 7, 2023 and thereafter on September 15, 2023, and while physically present in California, Plaintiff used his cellular telephone to dial Defendant's 877-877-8052 customer service sales number and participated in telephone communications with Defendant's live customer service sales representatives.

38.     Plaintiff alleges on information and belief that, within the applicable statute of limitations, Plaintiff and the Class members, while physically present in California, called Defendant's customer service sales number 877-877-8052 and participated in telephone communications with live representatives of Defendant while using a cellular or cordless telephone, which communications were recorded by Defendant without the consent of Plaintiff and the Class members.  Defendant did not notify Plaintiff and the Class members at the call outset that their communications were being recorded.  Nor did Defendant provide an automated, pre-recorded warning at the call outset that their communications were being recorded. Further, there were no beeps or similar sounds throughout the duration of the telephone communications that would lead Plaintiff and the Class members to believe that their communications were being recorded.

39.     Penal Code § 632.7 prohibits the intentional recording of *any* communication without the consent of all parties where at least one of the parties to the communication is using a cellular or cordless telephone.  There is no requirement under Penal Code § 632.7 that the communication be confidential.  Defendant violated Penal Code § 632.7 in its telephone communications with Plaintiff and the Class during the Class Period.  Plaintiff is informed and believes and thereon alleges that, Defendant as a standard business practice, has intentionally

CLASS ACTION COMPLAINT                              11

made use of a Call Recording Technology that enabled Defendant to surreptitiously record communications with Plaintiff and the Class members, that were made to telephone number 877-877-8052 on cellular or cordless telephones, without obtaining their consent.

40.     Because Defendant did not disclose to Plaintiff or Class members who called the telephone number 877-877-8052, at the call outset, that their calls were being recorded, Defendant did not obtain, and could not have obtained, Plaintiff or Class members consent to the recording of those conversations. Indeed, Plaintiff and the Class had an objectively reasonable expectation that their calls were not being recorded. That expectation and its objective reasonableness arises, in part, and is supported by the fact that: (1) Defendant is required by law to inform persons it receives calls from, at the outset of the communication, of its intent to record the calls; (2) Businesses that record telephone calls customarily do so inform the persons they call or receive calls from, at the outset of the communication; and (3) Defendant did not inform Plaintiff and Class members who called 877-877-8052, at the outset of the communications, that their telephone communications were being recorded, nor did Defendant seek to obtain their consent to record. In the business-call context, the California Supreme Court has stated, "in light of the circumstances that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is *not* being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 (2006).

41.     Due to these violations as set forth herein, Plaintiff and Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2(a)(1), even in the absence of proof of actual damages, an amount deemed proper by the California Legislature. Plaintiff and the Class are also entitled to injunctive relief to enjoin further violations pursuant to California Penal Code § 637.2(b).

///

///

CLASS ACTION COMPLAINT                    12

42. Plaintiff and Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, prays for judgment against Defendant as follows:

1. For an order certifying this matter as a class action;

2. For an order declaring that Defendant's actions, as described herein, violate California Penal Code § 632.7;

3. For an order awarding Plaintiff and each member of the Class statutory damages of five thousand dollars ($5,000) per violation under California Penal Code § 637.2(a)(1);

4. For appropriate injunctive relief under California Penal Code § 637.2(b);

5. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

6. For costs of the suit incurred herein;

7. For prejudgment interest at the legal rate; and

8. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for Plaintiff and the Class on all claims so triable.

Dated: November 20, 2023

LAW OFFICES OF ZEV B. ZYSMAN. APC
LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: _____
Zev B. Zysman
Todd M. Friedman
Adrian R. Bacon

*Attorneys for Plaintiff and the Class*

CLASS ACTION COMPLAINT                    13

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Mark Cole  et al | |
| DEFENDANT/RESPONDENT: Colonial Penn Life Insurance Company et al | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)** | CASE NUMBER: 23CV012045 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| LAW & MOTION | Christopher E. Krueger | Hall of Justice | 54 |
| CASE MANAGEMENT PROGRAM | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM on November 1, 2024** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)**

| SHORT TITLE: COLE, et al. vs COLONIAL PENN LIFE INSURANCE COMPANY, et al. | CASE NUMBER: 23CV012045 |
|---|---|

## Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

## Remote Appearances

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

## Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

## Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

## Service of Notice of Case Assignment and Case Management Conference

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Compliance

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

## Continuances

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 11/21/2023                    By:

/s/ K. Johnson
K. Johnson, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT
### AND CASE MANAGEMENT CONFERENCE
### (UNLIMITED CIVIL CASE)